**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

REINOL ZARATE,

                Petitioner,

vs.

TODD BLANCHE,[1] *et al.*,

                Respondents.

Case No.: 2:26-cv-00320-GMN-MDC

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Pending before the Court is Petitioner Reinol Zarate's Amended Petition for Habeas Corpus Relief under 28 U.S.C. § 2241, (ECF No. 9). Federal Respondents Pamela Bondi, Kristi Noem, Todd Lyons, and Michael Bernacke filed a Response, (ECF No. 11). Respondent John Mattos did not respond. Petitioner replied, (ECF No. 12). For the reasons discussed below, the Court GRANTS the Amended Petition.

I.    **BACKGROUND**

Petitioner, a native and citizen of Cuba, entered the United States in 1993. (Am. Pet. 3:18, ECF No. 9). In 2006, an immigration judge ("IJ") ordered Petitioner removed from the United States to Cuba. (Pet.'s Forms at 3, Ex. A to Resp., ECF No. 11-2). Upon receiving the final order of removal, Petitioner was detained in ICE custody for three months before he was released on an order of supervision. (*Id.*). Petitioner self-deported and returned to the United States in 2015. (*Id.*). The same year, ICE reinstated Petitioner's final order of removal and then released him from ICE custody. (*Id.* at 4). Petitioner was taken into ICE custody on December 20, 2025, where he has remained since. (Am Pet. 3:22). During his current detention, Petitioner

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Acting U.S. Attorney General Todd Blanche is substituted for the currently named Pamela Bondi, and Secretary of Homeland Security Markwayne Mullin is substituted or currently named Kristi Noem.

has been given a reasonable fear determination hearing where the IJ found a reasonable fear of return to Cuba and ordered withholding-only proceedings which remain ongoing. (Reply 2:8–11, ECF No. 12).  With this Petition, Petitioner now seeks immediate release from detention.

## II.   LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).  A district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III.   DISCUSSION

Petitioner argues that he is entitled to habeas relief on two grounds: (1) ICE denying Petitioner an opportunity to seek release on bond violates the Immigration National Act ("INA") and his due process rights because he is entitled to a bond hearing under 8 U.S.C. § 1226(a) and (2) his prolonged detention without a bond hearing violates his right to due process under the Fifth Amendment of the United States Constitution.  In response, Federal Respondents clarify that Petitioner is subject to a reinstated order of removal and is detained under § 1231 not § 1226. (Resp. 2:10, 10:10, ECF No. 11).  Based on this clarification, Petitioner argues in his Reply that his continued detention under § 1231 violates his Fifth Amendment right to due process under *Zadvydas* because his removal is not reasonably foreseeable. 533 U.S. at 687.  The Court therefore analyzes Petitioner's *Zadvydas* claim with

the understanding that he is being detained under § 1231.  But before the Court addresses Petitioner's *Zadvydas* claim, it must first address a threshold issue.

### A.    Jurisdiction

Federal Respondents argue that this Court lacks jurisdiction under 8 U.S.C. §§ 1252(g) and (b)(9) to consider Petitioner's habeas petition.  This Court already rejected these arguments several times, including in *Hernandez-Luna v. Noem*, No. 2:25-CV-01818-GMN-EJY, 2025 WL 3102039, at *2 (D. Nev. Nov. 6, 2025) and *Alverez Guerra v. Blanche, et al.*, No. 2:26-CV-00498-GMN-MDC, 2026 WL 949027 *2–4 (D. Nev. Apr. 7, 2026).  Federal Respondents fail to offer any meaningful basis for why the Court's previous analysis does not preclude their arguments here.[2]  The Court again concludes that 8 U.S.C. §§ 1252(g) and (b)(9) do not strip this Court of jurisdiction over this Amended Petition.

Not only has this Court rejected Federal Respondents' jurisdictional arguments under §§ 1252(g) and (b)(9) pertaining to petitioners seeking review of prolonged detention and denial of bond hearings, but these same arguments have also been rejected by every judge in this District and are unsupported by binding Ninth Circuit and Supreme Court precedent. *See Rodriquez v. Mullin, et al.*, No. 2:26-CV-00531-APG-NJK, 2026 WL 895685 (D. Nev. Apr. 1, 2026) (Chief Judge Gordon); *Maldonado Vazquez v. Feeley*, 805 F. Supp. 3d 1112 (D. Nev. 2025) (Judge Boulware); *Sarkisov v. Blanche, et al.*, No. 2:25-CV-02321-JAD-DJA, 2026 WL 949019 (D. Nev. Apr. 8, 2026) (Judge Dorsey); *Hernandez v. Mullin, et al.*, No. 3:26-CV-00219-ART-CSD, 2026 WL 937393 (D. Nev. Apr. 7, 2026) (Judge Traum); *Portillo v. Bondi*, No. 2:26-CV-00155-CDS-NJK, 2026 WL 800710 (D. Nev. Mar. 23, 2026) (Judge Silva);

---

[2] Federal Respondents are warned that any further seemingly identical arguments without any good-faith arguments for extensions, modifications, or reversals of existing law or for creation of new law may subject them to Rule 11 sanctions. *See* Fed. R. Civ. P. 11(b)(2) ("By presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances the . . . legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.").

*Alkarori v. Nevada S. Det. Ctr.*, No. 2:25-CV-02567-MMD-MDC, 2026 WL 266756 (D. Nev. Feb. 2, 2026) (Judge Du, addressing only 8 U.S.C. § 1252(g)).  As another court has stated, these jurisdictional arguments "beggar[] belief and appear[] to deliberately mislead the Court about the law." *Rivero v. Mina*, No. 6:26-CV-66 RBD-NWH, 2026 WL 199319, at *1 (M.D. Fla. Jan. 26, 2026).

## B.    *Zadvydas* Claim

Under the Due Process Clause of the Fifth Amendment to the United States Constitution, no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V  The Supreme Court has held that "the Due Process Clause protects [a noncitizen] subject to a final order of deportation." *Zadvydas*, 533 U.S. at 693–94. In *Zadvydas*, the Supreme Court held that the INA does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal. *Id.* at 699.

The authority of ICE to detain noncitizens under federal law derives from 8 U.S.C § 1231, which directs the Attorney General of the United States to affect the removal of any noncitizen from this country within 90 days of a final order of removal. 8 U. S. C. § 1231(a)(1). The removal period begins on the latest of three dates: (1) the date the order of removal becomes "administratively final," (2) the date of the final order of any court that entered a stay of removal, or (3) the date on which the [noncitizen] is released from non-immigration detention or confinement. 8 U. S. C. § 1231(a)(1)(B).  During the removal period, detention is mandatory. 8 U. S. C. § 1231(a)(2).  Under § 1231, the removal period may be extended beyond 90 days for a variety of reasons including a determination by DHS that "removal is not practicable or proper." *Id.*

Because "[a] statute permitting indefinite detention . . . would raise a serious constitutional problem," the Supreme Court has "read an implicit limitation" into the statute and has held that a noncitizen may only be detained for "a period reasonably necessary" to

effectuate their removal. *Zadvydas*, 533 U.S. at 689, 690.  When a removable noncitizen is detained beyond this reasonable time and "removal is not reasonably foreseeable, the court should hold continued detention unreasonable." *Id.* at 699.  The Supreme Court adopted a six-month period of presumptive reasonableness after the removal order is final and confirmed that "[a noncitizen] may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701.  The Court further determined that "after this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.  If the Government fails to meet its burden, then the noncitizen must be released from detention. *See Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018).

### 1. Final Order of Removal

Here, Petitioner is subject to a reinstated order of removal and was placed in "withholding-only" proceedings on March 5, 2026. (Resp. 2:10, 10:10); (Reply 2:10–11). Federal Respondents argue that Petitioner's detention pending removal is authorized under 8 U.S.C. § 1231(a)(5). (Resp. 2:9–10).  They further aver, without citing any authority, that the 90-day removal period has not begun, and Petitioner is subject to detention for the duration of his withholding-only proceedings including appeals. (Resp. 11:6–11).  Federal Respondents are incorrect.

Recall, the removal period begins on the latest of three dates: (1) the date the order of removal becomes "administratively final," (2) the date of the final order of any court that entered a stay of removal, or (3) the date on which the [noncitizen] is released from non-immigration detention or confinement. § 1231(a)(1)(B).  It is undisputed that Petitioner is subject to a reinstated removal order. (Resp. 2:10, 10:10); (Pet.'s Forms at 4, Ex. A to Resp., ECF No. 11-2).  It is also undisputed that Petitioner's withholding-only proceedings are

ongoing. (Resp. 3:21–23); (Reply 7:21–23).  Thus, the question before the Court is what effect, if any, Petitioner's ongoing withholding-only proceedings have on the finality of his reinstated removal order.

The Ninth Circuit has determined that individuals like Petitioner who are subject to a reinstated removal order are detained pursuant to 8 U.S.C. § 1231(a), which governs detention following the issuance of a final removal order.  In *Padilla-Ramirez v. Bible*, 882 F.3d 826, 831 (9th Cir. 2017), the Ninth Circuit reviewed whether a noncitizen in administrative proceedings addressing only withholding of removal was detained pursuant to § 1226(a) or § 1231(a).  In that case, ICE had reinstated a removal order, and an asylum officer conducted a reasonable fear determination interview before referring Padilla-Ramirez to an immigration judge for withholding-only administrative proceedings. *Id.* at 829.  While noting that the petitioner's withholding-only proceedings were ongoing, the court ultimately held that his administrative proceedings were confined to his application for withholding and did not involve review of the reinstated removal order itself. *Id.* at 832.  Thus, the court determined that Padilla-Ramirez's reinstated removal order was administratively final and § 1231(a) controlled, even though his withholding-only proceedings were ongoing. *Id.* at 832.

The operative facts here are analogous.  Petitioner is subject to a reinstated order of removal and has ongoing withholding-only proceedings.  *Padilla-Ramirez* makes clear that a reinstated order of removal is administratively final even while withholding-only proceedings are ongoing. *Id.* at 831.  Because "[t]he removal order itself. . . is not at issue in the withholding-only proceedings . . . those proceedings cannot diminish or otherwise affect its finality." *Id.*  Thus, Petitioner here is not in some kind of limbo as Federal Respondents suggest; his removal order remains administratively final even during his ongoing withholding-only proceedings.

The Court now must determine when the removal period under § 1231(a)(1) began and for how long Petitioner has been detained.  Under § 1231(a)(5), if a person who was previously removed reenters the United States illegally, the prior order of removal "is reinstated from its original date and is not subject to being reopened or reviewed."  Here, the prior order of removal was issued on December 20, 2006. (Pet.'s Forms at 6, Ex. A to Resp.).  ICE detained Petitioner for exactly three months after his first order of removal, before releasing him on an order of supervision. (*Id.* at 3).  ICE did not detain Petitioner in 2015 after it reinstated his final order of removal in June 2015. (*Id.* at 4).  ICE then re-detained Petitioner on December 20, 2025, and Petitioner has been in detention since.  Petitioner has therefore been cumulatively detained for nearly seven months.[3]  Petitioner's cumulative detention thus exceeds not only the 90-day removal period, but also the six-month presumptively reasonable period articulated in *Zadvydas*. 533 U.S. at 701.  Therefore, if Petitioner demonstrates that there is no significant likelihood of removal in the reasonably foreseeable future, and Respondents do not rebut that showing, the Court must order his release. *See Zadvydas*, 533 U.S. at 699–700.

## 2.  Likelihood of Removal

Petitioner demonstrates there is no significant likelihood of removal to Cuba in the reasonably foreseeable future and Federal Respondents fail to respond with evidence sufficient to rebut that showing or identify another country Petitioner could be removed to.  Because Petitioner is in ongoing withholding-only proceedings to determine whether he can be removed

---

[3] Courts interpreting *Zadvydas* have held that "the six-month period does not reset when the government detains [a noncitizen] under 8 U.S.C. § 1231(a), releases him from detention, and then re-detains him again." *Sied v. Nielsen*, No. 17-CV-06785-LB, 2018 WL 1876907, at *6 (N.D. Cal. Apr. 19, 2018) (collecting cases); *see also Siguenza v. Moniz*, No. 25-CV-11914-ADB, 2025 WL 2734704, at *3 (D. Mass. Sept. 25, 2025) ("Most courts to consider the issue have concluded that the *Zadvydas* period is cumulative, motivated, in part, by a concern that the federal government could otherwise detain noncitizens indefinitely by continuously releasing and re-detaining them."). In *Doan v. Blanche, et al.*, No. 2:26-CV-00473-GMN-BNW, 2026 WL 949037, at *3 (D. Nev. Apr. 8, 2026), the Court adopted this cumulative principle and applies it here as well.

to Cuba, Petitioner cannot currently be removed to Cuba.  Thus, Petitioner meets his initial burden.

Respondents state that Petitioner's withholding-only proceedings do not prevent a third country removal from occurring, (Resp. 3:10–11), but they fail to provide any reason to believe that there is a likelihood of removal to a third country in the reasonably foreseeable future. They do not state whether a third country has been identified, explain any steps they have taken to remove Petitioner to that unidentified third country, or provide any other evidence to rebut Petitioner's initial showing.  As a result, Federal Respondents have not "respond[ed] with evidence sufficient to rebut" Petitioner's showing that there is no significant likelihood of removal in the reasonably foreseeable future. *Zadvydas*, 533 U.S. at 701.  The Court therefore finds Petitioner's continuing detention violates the Due Process Clause of the Fifth Amendment and that he is eligible for relief under *Zadvydas*.

### C.    Requested Relief

Petitioner requests that he be released immediately. (Reply 10:7–8).  The remedy for a *Zadvydas* claim is generally release of the habeas petitioner under conditions of supervision. *Zadvydas* explains that "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 699–700.  It further provides that the noncitizen's "release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the [noncitizen] may no doubt be returned to custody upon a violation of those conditions." *Id.* at 700.  Moreover, when a court considers a due process claim, it may tailor relief to the specific problem that gives rise to the due process violation. *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).  Because the Court holds that Petitioner's continued detention violates the Fifth Amendment based on the analytical framework provided in *Zadvydas*, the Court finds that

Petitioner's release, subject to his original terms of supervision, is warranted. *See Zadvydas*, 533 U.S. at 699–700.

Petitioner also requests that the Court grant any other relief, in the interests of justice, that may be appropriate. In tailoring relief to the problem that gives rise to the due process violation, *see Morrissey*, 408 U.S. at 481, the Court finds that two other forms of relief are necessary to provide complete relief for the due process violation. First, Respondents are prohibited from re-detaining Petitioner in the future absent proof of changed circumstances making his removal reasonably foreseeable.[4] Second, Respondents are prohibited from removing Petitioner to a third country without providing him and his counsel with adequate notice of intent to seek removal to a third country and due process in the form of an opportunity to seek to reopen Petitioner's immigration court proceedings to seek fear-based relief from removal.[5]

///

///

///

///

///

---

[4] Respondents have the authority to detain noncitizens with final orders of removal to effect deportation. *See* 8 U.S.C. § 1231; *Zadvydas*, 533 U.S. at 697. But when a noncitizen has been released from immigration detention, the revocation of that release is governed by 8 C.F.R. § 241.13(i), which authorizes ICE to revoke a noncitizen's release for purposes of removal. DHS regulations permit revocation of release if the appropriate official: (1) determines that the noncitizen who has been released under an order of supervision violates any of the conditions of release, *id.* § 241.13(i)(1), or (2) finds "on account of changed circumstances" there is "a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future," *id.* § 241.13(i)(2). The noncitizen must be notified of the reasons for their revocation and receive "an initial informal interview promptly," during which they will have "an opportunity to respond to the reasons for revocation stated in the notification" and submit evidence in support of their position. *Id.* § 241.13(i)(3).

[5] As the Court has previously found and discussed in more depth in *Cavieres Gomez v. Mattos*, No. 2:25-cv-00975-GMN-BNW, 2025 WL 3101994 at *6–7 (D. Nev. Nov. 6, 2025), Petitioner has a due process right to receive meaningful notice and opportunity to present a fear-based claim to an immigration judge before DHS deports him to a third country.

## IV.    CONCLUSION

**IT IS HEREBY ORDRED** that Petitioner's Amended Petition for Habeas Corpus Relief under 28 U.S.C. § 2241, (ECF No. 9), is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner must be released from detention no later than April 16, 2026 subject to the conditions of his prior order of supervision.[6] *See* 8 U.S.C. § 1231(a)(3).  Respondents must notify Petitioner's counsel of the date and time of release in advance of Petitioner's release.

**IT IS FURTHER ORDERED** that the parties must file a **Joint** Status Report on the docket no later than April 17, 2026, to certify compliance with the Court's Order.

**IT IS FURTHER ORDERED** that Respondents are enjoined from re-detaining Petitioner in the future absent proof of changed circumstances making his removal reasonably foreseeable.

**IT IS FURTHER ORDERED** that Respondents are enjoined from removing Petitioner to a third country without providing Petitioner with adequate notice of intent to seek removal to a third country and due process in the form of an opportunity to seek to reopen Petitioner's immigration court proceedings to seek fear-based relief from removal.

**IT IS FURTHER ORDERED** that pursuant to Federal Rule of Civil Procedure 25(d), Acting U.S. Attorney General Todd Blanche is substituted for the currently named Pamela Bondi, and Secretary of Homeland Security Markwayne Mullin is substituted or currently named Kristi Noem.  The Clerk of Court is kindly directed to update the docket to reflect these substitutions.

---

[6] The Court allows 48 hours to release Petitioner so that arrangements may be made for a safe and orderly daytime release.

Counsel for Respondents are directed to immediately provide notice of this Order to the parties they represent.  The Clerk of Court is kindly directed to send a copy of this Order to the Warden of Nevada Southern Detention Center in Pahrump, Nevada.

**DATED** this ___14___ day of April, 2026.

_____

Gloria M. Navarro, District Judge
United States District Court